FILED
2013 Mar-14  PM 03:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION

SHIRLEY JOHNSON,                }
                                }
     Plaintiff,                 }
                                }     CIVIL ACTION NO.
v.                              }     2:12-CV-00579-WMA
                                }
PROFESSIONAL CLINICAL           }
LABORATORY, INC., et al.,       }
                                }
     Defendants.
```

**MEMORANDUM OPINION**

The court has before it a motion to dismiss without prejudice filed by plaintiff, Shirley Johnson ("Johnson"), (Doc. 22), together with the report from the magistrate judge recommending that the motion be granted on the condition that Johnson pay to defendant Professional Clinical Laboratory, Inc. ("PCL") its cost of removal if the action is refiled. (Doc. 24). The time to object to the magistrate judge's report has passed with neither party having filed an objection. For the reasons below, the court agrees with the magistrate judge's recommendation. Johnson's motion to dismiss without prejudice will be granted on the condition that Johnson pay PCL's cost of removal if the action is refiled.

**Background**

Johnson, a *pro se* litigant, filed this action against Brandi Miciotto ("Miciotto") and PCL in state court in December 2011. Almost a year later, after the case was timely removed, Johnson

filed this motion to dismiss without prejudice asserting that she is no longer able to focus adequate attention on the case. Johnson is the guardian of her two grandchildren, one of whom has special needs. Also, she has been unemployed since July 2010. These circumstances have made it necessary for her to relocate from Alabama to her hometown in Missouri. Based on these facts, Johnson moves for a dismissal of the action without prejudice.

### Discussion

Miciotto has not filed an answer or a summary judgment motion. Johnson's motion, therefore, must be granted as against Miciotto. *See* Fed. R. Civ. P. 41 (a)(1)(A)(I).

PCL has filed an answer and objects to the motion. Therefore, the action as against PCL can only be dismissed with a court order. Fed. R. Civ. P. 41 (a)(1)(A). PCL argues that the court should (1) deny Johnson's motion, (2) grant Johnson's motion conditioned on her paying PCL's attorneys' fees and costs, or (3) dismiss the action with prejudice.

The decision of whether to permit a voluntary dismissal rests within the "broad discretion" of the district court. *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001). "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." *Id.* (quoting *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir.

1986)). The court must ask itself, "Would the defendant lose any substantial right by the dismissal." *Id.* (quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967)).

PCL has not articulated how any of its "substantial rights" would be affected by dismissing Johnson's action without prejudice. PCL's only arguments are that Johnson was not "diligent" in bringing her motion and that she was "unduly vexatious" by not responding to discovery requests. Eleventh Circuit case law is clear that "delay alone, in the absence of bad faith, is insufficient to justify dismissal with prejudice." *Pontenberg*, 252 F.3d at 1259. There are no allegations of bad faith.

This conclusion, however, does not end the analysis. Next, a district court must "weigh the relevant equities" in order to "do justice between the parties." *McCants*, 781 F.2d at 857. This is the step where the court determines if the plaintiff should be required to pay any of the defendant's fees or costs as a condition of the dismissal without prejudice. The court looks at whether the defendant has accumulated considerable expense in preparing for trial, whether the effort expended in the current litigation will be useful if a subsequent lawsuit is filed, and whether there are non-monetary conditions that could alleviate any prejudice a defendant might otherwise suffer. *Id.* at 860. In addition to its discretion to equalize the effects of a dismissal without prejudice by requiring a plaintiff to reimburse a defendant, the court may

3

impose a condition that *if* the plaintiff refiles her lawsuit, she may be required to pay some or all of the defendant's fees and costs in defending the initial action. *See Vera Prods., Inc. v. Home Depot U.S.A., Inc.*, 387 F.3d 1325, 1328-29 (11th Cir. 2004).

PCL has filed a notice of removal, an answer, two motions to dismiss, and a response to the present motion. PCL has also served Johnson with interrogatories, requests for production, requests for admission, and a notice of deposition. Some of PCL's said efforts would be and some would not be useful if Johnson refiled her action. This loss, however, is minimal. To the extent that PCL has incurred costs related to discovery, its work product in that regard can be reused, and any information it has obtained will be relevant in a subsequent action.

On the other hand, Johnson is an unemployed, *pro se* litigant. She is also the caregiver for her two minor grandchildren. She has moved back to Missouri for financial reasons, among others. To require her to pay PCL's total legal costs to date would be extremely burdensome upon her and likely uncollectible. Additionally, to condition the right to refile the action on the payment of all of PCL's fees and costs would, as a practical matter, equate of a dismissal of the action with prejudice, working as an absolute barrier to a re-filing.

To strike a balance between these competing interests, the magistrate judge recommended that Johnson be required to pay PCL's

4

***cost of removal IF she refiles***.  This recognizes that PCL incurred expenses in this action, but also that those expenses are bearable. This condition takes into account Johnson's limited resources and is intended not to be a bar to her refiling the action. The court agrees with the magistrate judge's recommendation and adopts it.

### Conclusion

For the foregoing reasons, Johnson's motion to dismiss without prejudice will be granted on the condition outlined above.

DONE this 14th day of March, 2013.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE